# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

August 30, 2022

<u>Via ECF</u>

REQUEST GRANTED.
The Court approves the modification of conditions to
Ms. Borges's bond as proposed to eliminate the requirement
for two financially responsible co-signers on her personal
recognizance bond and impose a requirement that Ms.
Borges's eldest daughter co-sign the bond for moral suasion
and that Ms. Borges surrender her daughters' passports.

The Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

8/31/2022   SO ORDERED.

LEWIS J. LIMAN
United States District Judge

Re:   <u>United States v. Raquel Moura Borges</u>
      <u>21 Cr. 172 (LJL)</u>

Dear Judge Liman,

We write with the consent of the government to respectfully request that the Court modify the conditions of Ms. Borges's bond. At the July 27, 2022 presentment, the parties jointly proposed, and Magistrate Judge Netburn ordered, that Ms. Borges be released on a bail package including, *inter alia*, a $5 million personal recognizance bond secured by real property owned by Ms. Borges and co-signed by two financially responsible persons. *See* Docs. 6, 7. The defense has successfully posted the subject property by filing a confession of judgment in favor of the United States to be enforced if Ms. Borges's bond in this case were to be forfeited. To date, however, the defense has been unable to secure two co-signers on Ms. Borges's bond who would qualify under the rules of the Court and U.S. Attorney's Office.

Given the posting of the subject property and Ms. Borges's full compliance with all other conditions of her release and bail package since her July 27 arrest, the defense respectfully requests that the Court modify the conditions of Ms. Borges's personal recognizance bond to eliminate the requirement for two financially responsible co-signers and replace it with a requirement that Ms. Borges's eldest daughter co-sign Ms. Borges's bond for moral suasion, and that Ms. Borges surrender the passports of both of her daughters (Ms. Borges's passport having already been surrendered).

As the Court may recall, Ms. Borges's older daughter recently enrolled in college in the United States. Ms. Borges (a single mother) was traveling with both of her children to the United States from Brazil for the purpose of moving her eldest into college when Ms. Borges was arrested at John F. Kennedy International Airport. With both children (including her minor daughter) now in the United States, the surrender of their respective passports will further ensure Ms. Borges's appearance in court because Ms. Borges would certainly not abandon them and flee the country. The deep familial and emotional ties between Ms. Borges and her two daughters

**United States v. Borges**
**21 Cr. 172 (LJL)**

far exceed any obligation Ms. Borges (or any defendant) would feel towards co-signers on a bond that is otherwise fully secured. Ms. Borges, who has appeared in court when ordered, has been fully compliant with the conditions of her bail, and who is the sole breadwinner and caregiver for her daughters, would not take any steps that would harm or endanger her children in any way.

Accordingly, we respectfully request that the Court modify the conditions of Ms. Borges's pretrial release to eliminate the requirement for two financially responsible co-signers on her personal recognizance bond and impose a requirement that Ms. Borges's eldest daughter co-sign the bond for moral suasion and that Ms. Borges surrender her daughters' passports until the conclusion of this case or further order of the Court.

We thank the Court for its consideration of this request.

Respectfully submitted,

/s/

Neil P. Kelly
Assistant Federal Defender
(212) 417-8744

cc:     AUSA Gina Castellano